ASSET ACCEPTANCE LLC, APPELLEE, *v.* MACK, APPELLANT.

[Cite as *Asset Acceptance LLC v. Mack,*
105 Ohio St.3d 323, 2005-Ohio-1829.]

(No. 2004–0851—Submitted February 16, 2005—Decided May 4, 2005.)

MOYER, C.J.

{¶ 1} The Fifth District Court of Appeals has certified this case pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. It found its judgment to be in conflict with the judgment of the Eleventh District Court of Appeals in *Huntington Natl. Bank v. Battaglia* (Mar. 25, 1994), Portage App. Nos. 92–P–0100 and 92–P–0101, 1994 WL 102382, on the following issue: "Whether a dormant judgment accrues interest while it is dormant."

{¶ 2} We answer the certified question in the affirmative as to dormant judgments not subject to R.C. 2325.18(B), enacted by 2004 Sub.H.B. No. 212, effective June 2, 2004.

{¶ 3} As amended, R.C. 2325.18 now provides:

{¶ 4} "(B) For the purpose of calculating interest due on a revived judgment, interest shall not accrue and shall not be computed from the date the judgment became dormant to the date the judgment is revived." [1]

---

1. {¶ a} Prior to the effective date of 2004 H.B. 212, June 4, 2004, R.C. 2325.18 had only one sentence, silent as to interest:

{¶ b} "An action to revive a judgment can only be brought within twenty-one years from the time it became dormant, unless the party entitled to bring such action, at the time the judgment became dormant, was within the age of minority, of unsound mind, or imprisoned, in which cases the action may be brought within fifteen years after such disability is removed."

{¶ c} Pursuant to 2004 H.B. 212, this provision was codified as subsection (A) of the statute, and the times during which a dormant judgment may be revived were shortened as follows:

{¶ 5} Prior to the enactment of 2004 H.B. 212, the General Assembly had not addressed the accrual of interest during dormancy. We must decide this case in view of the statutory framework in effect before the adoption of R.C. 2325.18(B), as both the entry of judgment against appellant, Terry Mack, and the revival of that judgment occurred before June 2, 2004.

{¶ 6} On March 14, 1990, the Municipal Court of Ashland, Ohio entered a default judgment in favor of Bank One, Mansfield, against Mack in the amount of $1,718.98 "with interest at a rate of 13.00% per annum from December 13, 1989." On May 18, 1991, counsel for Bank One tendered a check in the amount of court costs and requested the clerk of the municipal court to issue a certificate of judgment. On May 22, 1991, the clerk of the court issued a certificate of judgment corresponding in amount to the 1990 judgment.

{¶ 7} On August 4, 2003, appellee, Asset Acceptance LLC, filed a notice of assignment of judgment asserting that it had purchased the Mack judgment from Bank One. On that same date, Asset Acceptance filed a motion pursuant to R.C. 2325.15 [2] to revive the judgment in the amount of $1,718.98 plus interest, representing that no execution had been issued on the judgment for five years. At a hearing held on the motion, counsel for Mack challenged the correctness of appellee's claim that Mack then owed a total of approximately $7,000 based on accrual of interest from the date of the judgment. On September 18, 2003, the court entered judgment reviving the Mack judgment "in the amount of $1,718.98, plus interest at the rate of 13% per annum and court costs."

{¶ 8} Mack's appeal asserted a single assignment of error that "[t]he trial court committed prejudicial error in reviving a lapsed judgment to include interest from the date of the original judgment." A divided Fifth District Court of Appeals found no error by the trial court, relying on its prior opinion in *Ucker v. Ucker* (Apr. 26, 1999), Fairfield App. No. 98CA00055, 1999 WL 253439.

{¶ 9} The judgment lapsed and became dormant in 1996 pursuant to R.C. 2329.07. The parties disagree as to whether interest continued to accrue from that date until the judgment was revived on September 18, 2003, a period of over seven years.

{¶ 10} Our analysis begins with R.C. 2329.07, which provides:

---

{¶ d} "(A) An action to revive a judgment can only be brought within ten years from the time it became dormant, unless the party entitled to bring that action, at the time the judgment became dormant, was within the age of minority, of unsound mind, or imprisoned, in which cases the action may be brought within ten years after the disability is removed."

2. {¶ a} R.C. 2325.15 provides:
{¶ b} "When a judgment * * * is dormant, * * * such judgment may be revived, * * * in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered * * *."

{¶ 11} "If neither execution on a judgment rendered in a court of record * * * is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, * * * within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and *shall not' operate as a lien* upon the estate of the judgment debtor." (Emphasis added.)

{¶ 12} R.C. 2325.17 provides:

{¶ 13} "If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and *thereafter may be made to operate as a lien* upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action." (Emphasis added.)

{¶ 14} Thus, the dormancy statutes do not mention accrual of interest, but rather are directed to the legal effect of a judgment as a lien against property.

{¶ 15} R.C. 1343.02 requires interest on judgments on interest-bearing instruments:

{¶ 16} "Upon all judgments, decrees, or orders, rendered on any bond, bill, note, or other instrument of writing containing stipulations for the payment of interest in accordance with section 1343.01 of the Revised Code, interest shall be computed until payment is made at the rate specified in such instrument."

{¶ 17} Similarly, R.C. 1343.03(B) provides that interest on a judgment based on tortious conduct generally "shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." R.C. 1343.03(B).

{¶ 18} The appellant cites *Huntington Natl. Bank v. Battaglia,* supra, in which the Eleventh District Court of Appeals held that a cessation of accrual of interest should be inferred from the word "dormant" in the statutes. However, that interpretation would put the dormancy statutes in direct conflict with the statutes specifically governing accrual of judgment interest found in R.C. Chapter 1343.

{¶ 19} The *Battaglia* court further stated that a judgment creditor should not be permitted to benefit from its own delay in executing or protecting its judgment. This court has previously held, however, that accrual of interest does not constitute material prejudice for purposes of a laches defense where the parties had actual notice of the existence of debts and their terms. *Thirty–Four Corp. v. Sixty–Seven Corp.* (1984), 15 Ohio St.3d 350, 353, 15 OBR 472, 474

N.E.2d 295 ("We do not believe that the accumulation of interest and the absence of a timely demand for payment constitute material prejudice").

{¶ 20} There is nothing in the statutory language governing dormant judgments that would cause us to conclude that the court of appeals' judgment should be reversed.

{¶ 21} We hold that a judgment continues to accrue interest while it is dormant, if not subject to R.C. 2325.18(B), enacted by 2004 Sub.H.B. No. 212, effective June 2, 2004.

Judgment affirmed.

RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Mason, Mason & Kearns and Thomas L. Mason, for appellant.

Surdyk, Dowd & Turner Co., L.P.A., and Edward J. Dowd; and Kimberly A. Klemenok, for appellee.