DECISION.
{¶ 1} Defendant-appellant, Al Gammarino, appeals from the order entered by the Hamilton County Municipal Court on August 31, 2004, reviving a dormant $1,840 judgment in favor of the plaintiff-appellee, John Forg. In his two assignments of error, Gammarino, claiming that Forg's judgment has been satisfied, contends that the municipal court (1) committed error by overruling his objections to a magistrate's decision, and (2) abused its discretion when it overruled his motion for relief from judgment under Civ. R. 60(B)(4).
 {¶ 2} On June 5, 1995, Forg obtained in the municipal court an $886.25 judgment with ten-percent interest for legal services furnished to Gammarino. While Gammarino's appeal from the municipal court's judgment was pending, the judgment was satisfied when the sum of $966.41, which included the interest, was paid into court pursuant to an order of garnishment. Subsequently, we affirmed the trial court's judgment. By an order of March 26, 1996, this court granted Forg's motion for sanctions against Gammarino, finding that his appeal had been frivolous and referring the case to a commissioner for a hearing and a determination of the amount of the sanctions to be awarded. On June 26, 1996, following the hearing, the commissioner, under the authority of App. R. 23 and R.C. 2323.51, awarded attorney fees to Forg in the sum of $1,840 as a sanction against Gammarino. On August 15, 1996, this court adopted the commissioner's report and entered judgment accordingly.
 {¶ 3} On August 24, 2004, Forg filed in the municipal court a notice of the assignment of his $1,840 judgment to Bruce Beckman for collection. On August 31, 2004, Beckman filed a motion to revive Forg's judgment. The following day, before service of the motion on Gammarino and without a hearing, the municipal court granted Forg's motion to revive the judgment with ten-percent interest. The court's order reviving the judgment informed Gammarino that he could request a hearing to show sufficient cause why the judgment should not have been revived. Gammarino timely requested a hearing.
 {¶ 4} After Gammarino requested two continuances, a hearing, at which Gammarino and Beckman were present, was held before a municipal court magistrate on December 17, 2004. On March 24, 2005, the magistrate entered an order granting the motion to revive Forg's judgment. On September 1, 2005, upon Gammarino's timely request, the magistrate issued separate findings of fact and conclusions of law. On October 5, 2005, following Gammarino's objections to the magistrate's decision, the municipal court adopted the decision and entered judgment accordingly.
 {¶ 5} Generally, a judgment becomes dormant five years after the entry of the judgment, the last execution on the judgment, or the filing of a judgment-lien certificate. See R.C. 2329.07. There is a ten-year period to revive the judgment after it has become dormant. See R.C. 2325.18(A).[1] Thus Forg's judgment became dormant on August 15, 2001.
 {¶ 6} Forg thereafter moved to revive the judgment. Under R.C. 2325.17, "[i]f sufficient cause is not shown to the contrary, the judgment * * * shall stand revived and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon * * * ." (Emphasis added.)
 {¶ 7} At the hearing before the magistrate, Gammarino argued that there was sufficient cause not to revive Forg's dormant $1,840 judgment for sanctions because (1) his eight-year delay and failure to execute on the judgment were evidence of his intention to abandon it, and (2) pursuant to Huntington Natl. Bank v. Battaglia (Mar. 25, 1994), 11th Dist. Nos. 92-P-0100 and 92-P-01001, the eight-year delay was unreasonable and prejudicial under the equitable doctrine of laches.
 {¶ 8} In his objections to the magistrate's findings of fact and conclusions of law, Gammarino incorporated the same issues of abandonment and laches. He also contended that the judgment had been satisfied in full. The magistrate's separate findings of fact and conclusions of law are, at best, bare bones, as is the municipal court's order approving the magistrate's decision. The magistrate did not specifically address Gammarino's arguments concerning abandonment and laches, concluding only that Gammarino had offered "no new information" to constitute sufficient cause to show why Forg's judgment for sanctions should not be revived. We agree that the record does not show that Gammarino sustained material prejudice by the eight-year delay from the date that Forg's $1,840 judgment had been entered.
 {¶ 9} Gammarino also argued to the magistrate that Forg's judgment was void after one year. He relied on R.C. 2329.50, which provides that a judgment creditor's lien continues for one year from the entry of a judgment in the court of appeals and a mandate to the common pleas court to carry that judgment into execution. His reliance on Huntington Natl.Bank v. Battaglia, is misplaced. Dormancy does not destroy the validity of the judgment. A dormant judgment only results in the loss of a lien on the debtor's estate. See id. And Beckman moved to revive Forg's dormant judgment within the ten-year period provided under R.C. 2325.18(A).
 {¶ 10} We reject Gammarino's assertion that the judgment was satisfied because the magistrate and the municipal court mistakenly referred to revival of the earlier judgment in the sum of $886.25, which had already been satisfied by the order of garnishment. The basis for Gammarino's claim is the following language in the magistrate's separate findings of fact and conclusions of law: "Plaintiff seeks revivor of a judgment entered June 5, 1995." But Gammarino neglects to mention that at all times during the hearing before the magistrate he challenged only the $1,840 judgment against him for sanctions. If there was any confusion, the magistrate's decision clarified it with this statement: "A motion and order for reviver was filed on August 31, 2004 — Judge Mock entered a Judgment for Plaintiff in the accrued amount of $1840.00." We find no merit in Gammarino's contention.
 {¶ 11} Gammarino's reliance on the equitable defense of laches is also misplaced. The Ohio Supreme Court's decision in Asset Acceptance LLC v.Mack, 105 Ohio St.3d 323, 2005-Ohio-1829, 825 N.E.2d 1108, at ¶ 19, held that the "accrual of interest doest not constitute material prejudice for purposes of a laches defense, when the parties had actual notice of the existence of debts and their terms." Despite Forg's assertion in his brief that he was awarded interest at the rate of ten percent, neither the decision of the commissioner nor the decision of the magistrate awarded interest to Forg. The only reference to interest was in the municipal court's sua sponte order, entered on September 1, 2004. That order, which did not satisfy procedural due process, was nullified when Gammarino's request for a hearing to show sufficient cause why the judgment should not be revived was granted, and a hearing was subsequently conducted before the magistrate on March 24, 2005. It was, therefore, superseded by the magistrate's decision that was adopted by the municipal court.
 {¶ 12} In Asset Acceptance LLC, syllabus, the supreme court held that prior to the enactment of Sub. H.B. No. 212, effective June, 2004, a judgment continued to accrue interest while it was dormant, by operation of R.C. Chapter 1343. After June 2, 2004, "[interest shall not accrue * * * from the date the judgment became dormant to the [date the] judgment is revived." R.C. 2325.18(B). Thus, Forg had a substantive right to accrue interest on his dormant judgment from June 26, 2001, until the effective date of R.C. 2325.18(B), June 2, 2004.
 {¶ 13} Forg and Beckman were also entitled to interest for the five-year period before the judgment became dormant. Despite the judgment's silence as to prejudgment or post-judgment interest, R.C. 1343.03(A) authorized, by operation of law, post-judgment interest on the judgment, during the five-year period it was not dormant, at ten percent per annum. Gammarino's argument that interest had to be calculated at the annual rate provided under R.C. 5703.47 is not well taken. The rate of post-judgment interest in a civil action was not changed from ten percent per annum until the amendment of R.C. 1343.03(B), effective June 2, 2004. Thus the first assignment is overruled to the extent that the municipal court correctly affirmed the granting of the motion to revive the judgment.
 {¶ 14} We overrule Gammarino's second assignment of error relating to his motion for relief from judgment under Civ. R. 60(B). Although the motion involved the identical issues that are now the law of the case, the municipal court lacked jurisdiction to grant relief from judgment. On November 23, 2005, the date the municipal court journalized its order, Gammarino had already filed his notice of appeal, thereby transferring jurisdiction from the municipal court to this court. SeeHoward v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 147, 637 N.E.2d 890.
 {¶ 15} Therefore, we affirm the judgment granting the motion for reviver, but due to errors in the court's failure to award interest on the judgment, we remand this case for further proceedings so that an appropriate award of interest can be entered in accordance with law and this decision.
Judgment accordingly.
PAINTER and SUNDERMANN, JJ., concur.
[1] At the time the judgment in this case became dormant in 2001, former R.C.2325.18 provided a twenty-one-year period for revival.