[Cite as *State v. Craig*, 2022-Ohio-3355.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY


State of Ohio                                         Court of Appeals No.  WD-22-001

　　　　Appellee                                   Trial Court No.  2018CR0437

v.

Harold Jason Craig                             **DECISION AND JUDGMENT**

　　　　Appellant                                  Decided:  September 23, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Harold Jason Craig, Pro se.

* * * * *

**DUHART, J.**

**{¶ 1}** Appellant pro se, Harold Craig, appeals from a judgment entered by the

Wood County Court of Common Pleas, denying appellant's second petition for

postconviction relief.  For the reasons that follow, we affirm the judgment of the trial

court.

**Statement of the Case and Facts**

{¶ 2} On September 20, 2018, appellant was indicted on one count of engaging in a pattern of corrupt activity, which alleged eleven different incidents of corrupt activity; one count of aggravated theft; and four counts of money laundering, one count of which was dismissed before trial. The charges arose from a large-scale theft scheme in which appellant embezzled more than $200,000 from the Perrysburg Heights Community Association ("PHCA"), between August 1, 2012 and December 31, 2015.

{¶ 3} Following a five-day trial, that began on January 27, 2020, a jury found appellant guilty of one count of engaging in a pattern of corrupt activity, one count of aggravated theft, and three counts of money laundering. Ultimately, after the court conducted a merger analysis of the offenses, appellant was sentenced to serve seven years in prison for engaging in a pattern of corrupt activity, and 36 months in prison for one count of money laundering, with the sentences ordered to be served concurrently. In addition, as reflected in the trial court's April 3, 2020 nunc pro tunc judgment entry on sentencing, appellant was ordered to pay restitution to the PHCA in the amount of $258,000.

{¶ 4} On appeal, appellant raised six assignments of error, one of which alleged that appellant was deprived of his right to effective assistance of trial counsel. Although this court rejected the majority of appellant's claims, including his claims of ineffective assistance of counsel, it did find that appellant's money laundering convictions were improper and, therefore, vacated those convictions.

2.

{¶ 5} Appellant filed his first motion for postconviction relief on or about June 4, 2021. The trial court dismissed that motion on November 15, 2021.

{¶ 6} Appellant filed his second motion for postconviction relief on November 24, 2021. In that motion, appellant contested the amount of restitution awarded and sought a restitution hearing pursuant to R.C. 2929.18. In addition, he argued that his trial counsel provided ineffective assistance of counsel for failing to request a restitution hearing. The trial court denied appellant's motion in an order filed on December 9, 2021. It is from this order that appellant currently appeals.

## Assignment of Error

{¶ 7} Appellant asserts the following assignment of error on appeal:

> I. Trial court's refusal to have a restitution [hearing] is in violation of Ohio law and its constant errors in sentencing and it final judgement is also contrary to law. These plain errors result in a violation of Mr. Craig's rights to his objection to restitution.

## Analysis

{¶ 8} Appellant's second postconviction petition concerns the denial of his request for a restitution hearing, together with a related claim that his trial counsel was ineffective for failing to object to the restitution amount that was ordered.

{¶ 9} In considering this appeal, we must begin with the question of whether appellant's petition satisfied the jurisdictional requirement for review of a successive petition under R.C. 2953.23(A). As this question involves a purely legal issue, a de novo

standard applies to our review.  *See State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24 (concluding that a de novo standard of review applies to the question of whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief).

{¶ 10} The circumstances under which a petitioner may seek postconviction relief are set forth under R.C. 2953.21(A)(1)(a).  A person "who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" may file a petition for postconviction relief "in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." *Id.*  "The process only allows for a 'collateral civil attack on the judgment' and is not a means to relitigate the substantive issues raised in a direct appeal." *State v. Conway*, 10th Dist. Franklin No. 17AP-504, 2019-Ohio-2260, ¶ 12, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).

{¶ 11} R.C. 2953.21(A)(2) provides that a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" that is challenged by the petition.  Pursuant to R.C. 2953.23(A), "a court may not entertain a petition filed after the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless" one of

4.

the exceptions in R.C. 2953.23(A) applies.  *See also Apanovitch* at ¶36.  Thus, "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition."  *Id.*

{¶ 12} R.C. 2953.23(A) permits a prisoner to file an untimely, successive petition for postconviction relief only under the following specific, limited circumstances.  R.C. 2953.23 provides:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found

5.

the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As there is no indication that DNA testing was involved in this case, R.C. 2953.23(A)(2) clearly does not apply.

{¶ 13} Under R.C. 2953.23(A)(1)(a), appellant must demonstrate that that he was "unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief" or that the United States Supreme Court recognized a new state or federal right that applies retroactively to him. Appellant must also establish by clear and

6.

convincing evidence that, but for the alleged constitutional error at trial, no reasonable factfinder would have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 14} Appellant in this case argues only that his trial counsel was ineffective for failing to request a restitution hearing and that the trial court erred in failing to hold such a hearing. Appellant makes no assertion that he was unavoidably prevented from discovering the facts alleged in support of the claims asserted in his petition for postconviction relief. To the contrary, it is apparent that all of the facts alleged in appellant's petition were known or were readily available to him at the time of trial. Nor does appellant allege that the United States Supreme Court has recognized a new state or federal right that applies retroactively to him.

{¶ 15} Because appellant has failed to establish the first prong under R.C. 2953.23(A)(1)(a), we need not determine whether he established the second prong under R.C. 2953.23(A)(1)(b). *See State v. Black*, 10th Dist. Franklin No. 22AP-180, 2022-Ohio-3119, ¶ 16.

{¶ 16} Under the circumstances of this case, where appellant's petition was untimely and where appellant failed to satisfy the requirements of R.C. 2953.23(A)(1), the trial court clearly lacked jurisdiction to consider the merits of the petition.

{¶ 17} Even if appellant's postconviction petition were timely filed, his claims are barred by the doctrine of res judicata. Res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Anderson*, 10th Dist. Franklin No. 14AP-61, 2014-Ohio-3699, ¶ 8,

7.

citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59. (Additional citation omitted.) "Issues regarding the determination of restitution are matters that could have been raised in [appellant's] direct appeal[;] [b]ecause appellant did not raise those issues in that appeal, res judicata bars their consideration now." *Anderson* at ¶ 10. (Additional citations omitted.) We find that appellant's claims of ineffective assistance of counsel, based entirely on trial counsel's alleged failure to object to the amount of restitution that was ordered, are likewise barred, because those claims could have been, but were not, raised on direct appeal.

{¶ 18} For all of the foregoing reasons, appellant's assignment of error is found not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.   _____

          JUDGE

Christine E. Mayle, J.

         _____

Myron C. Duhart, P.J.      JUDGE
CONCUR.

         _____

          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.