[Cite as *State v. Dolman*, 2024-Ohio-1175.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                        Court of Appeals No.  WM-23-003

     Appellee                                     Trial Court No.  09CR00142

v.

Alan D. Dolman                                  **DECISION AND JUDGMENT**

     Appellant                                    Decided:    March 28, 2024

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney,
for appellee.

Alan D. Dolman, pro se.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Alan D. Dolman, appeals the September 26, 2022 order of the Williams County Court of Common Pleas denying appellant's motion to vacate or waive court costs.  For the reasons that follow, we affirm the trial court's order.

## A. Facts and Procedural Background

{¶ 2} In 2010, appellant was convicted of six counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a second-degree felony; five counts of illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(3), a fifth-degree felony; and two counts of endangering children in violation of R.C. 2919.22(B)(5), a second-degree felony.

{¶ 3} On February 22, 2010, following a sentencing hearing, the trial court issued a sentencing entry imposing several consecutive prison terms. In addition, the trial court ordered appellant to "pay any restitution, all costs of prosecution, any court-appointed counsel costs, and any supervision fees permitted." The trial court noted in its sentencing entry that it had considered "the record, oral statements, any victim impact statement, and if applicable, any pre-sentence report prepared."

{¶ 4} On March 2, 2010, appellant filed a notice of appeal to this court. In his appeal, appellant asserted eight assignments of error challenging several aspects of his trial and sentence. On January 10, 2011, this court found all eight assignments of error not well-taken and affirmed the trial court's judgment. The Supreme Court of Ohio did not accept appellant's appeal for review.

{¶ 5} Appellant has filed several motions since his direct appeal concluded. Among these were two motions to convert court costs to community service, one filed on April 25, 2011 and another filed on July 8, 2016. In support of his 2011 motion, appellant argued that he could not afford to pay the costs on his prison income, and in

2.

2016, appellant argued that payment of the costs would place an undue burden on him. On both occasions, the trial court denied appellant's motions without hearing, and appellant did not appeal either ruling.

{¶ 6} On September 26, 2022, appellant filed the motion at issue in this appeal. Appellant's motion is styled as a "Motion to Vacate/Waive Court Cost pursuant to §2303.23 or Waive Court Cost in lieu of Partial Payment Plan pursuant to §2947.23(A)(1)(a) of the Ohio Revised Code."  In his motion, appellant requested that the trial court either vacate his "court cost" due to dormancy and inability to pay or permit appellant to make monthly payments.  Within his motion, appellant specifically claimed that as part of his sentence, he had been "ordered to pay restitution in the amount of approximately $6,504.87 to wit $8,879.34 [sic] this day to incurring appellate fees."  Appellant argued that he had no means to pay that amount and the judgment had become dormant pursuant to R.C. 2329.07.  Accordingly, appellant contended, the court should find that the cost was uncollectible and vacate or waive the court costs.  In support of his motion, appellant filed an "affidavit of indigence."

{¶ 7} The trial court denied appellant's motion without hearing and encouraged the appellant to contact the clerk's office to set up a payment plan.  On October 18, 2022, appellant filed a request for findings of fact and conclusions of law, and the trial court denied the request on December 1, 2022.  The trial court explained that R.C. 2947.23(A)(1)(a) requires a sentencing court to include the costs of prosecution in a

3.

sentence, and given the pleadings, the record, and the pre-sentence investigation report, the sentencing court had met its obligation under R.C. 2929.19(B)(5).

{¶ 8} The trial court's record contains an invoice from the clerk's office for appellant's case dated September 27, 2022.  This invoice, which is eight pages long, contains numerous entries for charges dating from 2009, with an invoice total of $8,887.34.  The entries contain various shorthand or abbreviated notations next to them, with many charges containing the notation "clerk fees."  The last two entries on the invoice were from September 26 and September 27, 2022, and these two entries together were for $8.00.  Accordingly, before appellant filed his motion on September 26, 2022, appellant's invoice total with the clerk's office was $8,879.34, the amount cited by appellant in his motion to vacate or waive court costs.

## B.  Assignment of Error

{¶ 9} Appellant timely[1] appealed and asserts the following error for our review:

> Trial counsel [sic] abused its discretion when it failed to conduct any inquiry as to Appellant's present or future ability to pay the amount of the sanction and its denial of appellant's Motion to Vacate/Waive Court Cost.

---

[1] Appellant filed his notice of appeal on February 13, 2023 challenging the trial court's September 26, 2022 order.  In a previous order, this court held that appellant's notice of appeal was timely filed pursuant to Civ.R. 58 and App.R. 4 because a notation of service of the September 26, 2022 order was not made on the trial court's appearance docket, and therefore the time to appeal the judgment had not lapsed.

4.

## II. Law and Analysis

{¶ 10} Although the assignment of error is framed generically, appellant alleges in his brief that the trial court ordered him to pay $6,503.87, now $8,879.34 due to interest and/or fees, as restitution as part of his sentence. Appellant points out that no separate restitution hearing was held in his case, he was sentenced to a prison term of over 50 years and will be over 90 years old at the completion of his sentence, and appellant did not have any significant financial assets at the time of his sentence. Appellant argues that because a sentencing court must consider an offender's ability to pay before imposing a financial sanction and appellant does not have the ability to pay, the trial court abused its discretion in ordering restitution and in denying appellant's motion to vacate or waive court costs.

{¶ 11} The state responds that appellant's assignment of error is barred by res judicata because appellant's appeal involves an issue—whether the trial court could have ordered appellant to pay restitution—that could have been raised on direct appeal. The state also contends that the trial court did consider appellant's ability to pay when the court ordered restitution in the amount of $6,503.87, pointing to the portion of the sentencing entry in which the court noted its consideration of "the record, oral statements, any victim impact statement, and if applicable, any pre-sentence report prepared."

{¶ 12} In his reply brief, appellant recharacterizes the amount he owes as costs of prosecution, arguing that R.C. 2947.23 permits a court to waive, suspend or modify the costs of prosecution at any time and therefore res judicata should not apply. Appellant

5.

also argues that R.C. 2947.23 requires a court to expressly consider an offender's ability to pay when considering a motion to vacate or waive court costs. In contradiction to his arguments in his initial brief, appellant reasons that because the amount he owes was not imposed as a financial sanction, the court's imposition of the cost must not be intended to punish, and therefore the court must consider the appellant's ability to pay. Finally, appellant argues that the judgment against him is dormant because it has existed for more than 10 years and therefore the judgment is uncollectible and must be vacated.

{¶ 13} Before we address appellant's specific arguments, however, we note the inconsistency in appellant's characterizations of the amount he seeks to vacate or waive. In his motions before the trial court and in his briefs in this appeal, appellant has referred to the amount at times as cost of prosecution and at other times as restitution. The state refers to the amount as restitution, apparently adopting appellant's characterization in appellant's initial merit brief. In our review of the record, we have found only an invoice from the clerk's office containing several pages of charges. Each entry has a generic short notation—most of which are "clerk fee"–from which we cannot determine the exact basis or origin of the charges. More specifically, our review of the record also establishes there is no trial court order imposing restitution, no entry of the court setting a specific amount of restitution, and no reference to restitution at all except the trial court's sentencing entry requiring appellant to "pay any restitution."

{¶ 14} App.R. 16(A) requires an appellant to provide a statement of facts relevant to the assignment of error and include appropriate references to the record. Appellant,

6.

"as the party asserting an error in the trial court, bear[s] the burden to demonstrate error by reference to matters made part of the record in the court of appeals." *Kenwood Gardens Assn., L.L.C. v. Shorter*, 6th Dist. Lucas No. L-10-1315, 2011-Ohio-4135, ¶ 9, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; App.R. 9(B). "Appellate courts 'are not obligated to search the record or formulate legal arguments on behalf of the parties.'" *State v. Boles*, 6th Dist. Lucas No. L-19-1080, 2021-Ohio-363, ¶ 23, citing *Risner v. Ohio Dep't of Nat. Res., Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 28. Although appellant is acting pro se, he must follow the same procedural rules as other litigants. *State v. Rickard*, 6th Dist. Lucas No. L-16-1043, 2016-Ohio-4755, ¶ 3.

{¶ 15} Moreover, even if appellant had successfully established that the amount at issue was imposed as restitution, as he characterizes the amount at issue in his initial brief, his motion was untimely and is barred by res judicata. *See State v. Craig*, 6th Dist. Wood No. WD-22-001, 2022-Ohio-3355, ¶ 17 (holding that the appellant's attempt to change his restitution amount after the conclusion of his direct appeal was an untimely petition for postconviction relief and barred by res judicata).

{¶ 16} And if we consider appellant's contrary argument in his reply brief that he was ordered to pay the amount at issue as the costs of prosecution and his motion in the trial court was therefore a timely motion under R.C. 2947.23, appellant's argument still fails. A trial court's order denying such a motion is reviewed under an abuse-of-discretion standard, and a trial court is not required to consider the appellant's ability to

7.

pay in imposing costs of prosecution under R.C. 2947.23. *State v. Geren*, 6th Dist. Wood No. WD-14-029, 2015-Ohio-909, ¶ 6-7. Accordingly, appellant has not demonstrated that the trial court abused its discretion in denying his motion.

{¶ 17} Finally, appellant's argument that the costs must be vacated due to dormancy also fails. Again, because the record clearly establishes that the costs at issue are court costs and not restitution, the rules of civil judgments apply.[2] *See Strattman v. Studt*, 20 Ohio St.2d 95, 253 N.E.2d 749 (1969), paragraph six of the syllabus (holding "[t]he duty to pay court costs is a civil obligation arising from an implied contract"). Because an offender's obligation to pay court costs is civil in nature, the laws regarding dormancy apply to an order imposing court costs. *See State v. Moore*, 6th Dist. Huron No. H-20-014, 2021-Ohio-1616 (affirming order reviving a dormant judgment imposing court costs as part of an offender's sentence). However, dormancy relates to whether a creditor may execute on a judgment, not to the validity of the judgment itself. *See Forg v. Gammarino*, 1st Dist. Hamilton No. C-050871, 2006-Ohio-6977, ¶ 9 (explaining that "dormancy does not destroy the validity of the judgment"). Indeed, even after a judgment becomes dormant, the creditor may bring an action to revive the judgment and then execute on the judgment. *See* R.C. 2325.15. Accordingly, even if the appellant had established that the amount at issue involved court-imposed costs and the judgment imposing the costs is now dormant, the trial court did not err in denying appellant's

---

[2] The rules of civil judgments do not apply to restitution, which is imposed as a financial sanction. *See* R.C. 2929.11; R.C. 2929.18.

8.

motion to vacate the costs because whether the judgment is now dormant only affects collectability not the validity of the judgment.

### III. Conclusion

{¶ 18} Appellant's assignment of error is found not well-taken. We therefore affirm the September 26, 2022 judgment of the Williams County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.           _____
                                               JUDGE
Gene A. Zmuda, J.          

                                       _____
Myron C. Duhart, J.                                      JUDGE
CONCUR.

                                       _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.